HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* ROSADO ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez in an action for the rescission of a contract and damages.

No. 1094.—Decided March 18, 1914.

JUDGMENT LIEN—RECORD OF JUDGMENT.—In accordance with section 6 of the Act of 1906 relating to judgment liens, a property acquired prior to the recording of the judgment in the judgment book of the registry of property of the district is not affected by the lien created by the said act.

ID.—THIRD PARTIES—RECORD OF JUDGMENT.—A person in whose favor a judgment has been rendered and recorded in the judgment book of the registry of property after the acquisition of a property, cannot claim the character of a third party in order to come within the provision of article 25 of the Mortgage Law, even though the recording of the property may be subsequent to the recording of the judgment.

FRAUDULENT CONVEYANCE—PRESUMPTION.—In order that a conveyance for a valuable consideration may be presumed to be fraudulent, the following circumstances must exist: 1. That a condemnatory judgment be rendered against a person or a writ of attachment be issued against his property; 2. That the said person sell his property to another who is cognizant of the judgment or of the attachment; 3. That a creditor is prejudiced by the conveyance and has no other legal remedy to obtain reparation for the injury.

CONTRADICTORY EVIDENCE—FINDINGS OF TRIAL COURT.—In cases where the evidence is. contradictory the Supreme Court will not disturb the findings of the trial court unless it is shown that the latter was influenced by passion, prejudice, or partiality, or that it committed manifest error.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondents did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Mayagüez dismissing a certain action brought by Agustín Hernández Mena against Arturo Rosado Fussá and Julio Medina González for the rescission of a contract.

It is alleged in the complaint that on August 19, 1909, the plaintiff obtained a judgment against Julio Medina González for $1,480.95, which judgment was recorded and entered upon the index to the judgment book of the Registry of Property of Mayagüez on January 17, 1910, in accordance with the act creating judgment liens, the said record being in force at present.

That on October 29, 1910, the plaintiff, in executing the judgment of August 19, 1909, levied upon all the right of the debtor, Medina, in a certain parcel of land of 12 *cuerdas* situated in the ward of Sabalos of Mayagüez, and the public sale having been set for November 24, 1910, it was suspended by reason of a complaint in intervention filed by Arturo Rosado Fussá, who claimed that the said parcel of land levied on belonged to him.

That the intervention proceedings wherein Rosado alleged that he had purchased the said parcel of land from Medina by a public deed executed on January 12, 1910, were finally decided in favor of Rosado, and the plaintiff in this action, Agustín Hernández Mena, was compelled to pay to the intervenor, Rosado, the costs of the proceedings.

That the parcel of land under consideration, which was sold by Medina to Rosado on January 12, 1910, was not recorded in the registry of property and Rosado instituted

proceedings to establish his title of ownership thereto, obtaining a judgment in his favor on February 25, 1911, which was recorded in the registry of property.

That before and at the time he purchased the parcel of land, brought the proceedings in intervention and instituted dominion title proceedings, Rosado knew: (a) That the vendor, Medina, was a judgment debtor of Agustín Hernández Mena; (b) that Medina had gone into bankruptcy; (c) that when he recorded the judgment of ownership in the registry the judgment of August 19, 1909, in favor of Hernández Mena and against Medina González, was already recorded and indexed in the judgment book of the same registry and had not been wholly satisfied.

That the sale by Medina to Rosado was made to defraud his creditors and with the deliberate intention of preventing the plaintiff from executing the judgment which he had obtained against the vendor, Medina.

That the only remedy which the plaintiff has for recovering what is owing to him is to pray for a rescission of the contract of bargain and sale entered into between Medina and Rosado, as the former has entered into voluntary bankruptcy.

The defendant, Julio Medina, did not answer the complaint but the other defendant, Rosado Fussá, answered admitting some of the allegations, denying others and alleging as new matter that he had actually purchased the parcel of land in question from Julio Medina González on January 12, 1910, on which date the judgment obtained by Hernández Mena against Medina González was not recorded in the judgment book of the Registry of Property of Mayagüez, and that from December, 1910, to February, 1911, he had prosecuted publicly his dominion title proceedings to establish his ownership to the said parcel of land and that Agustín Hernández Mena did not appear in opposition thereto within the time allowed by law and fixed in the edicts published.

On October 23, 1913, the trial was held and on the 31st

of the same month the court rendered judgment dismissing the complaint without special imposition of costs.

The district court, in its statement of the case and opinion, said that it had considered the evidence introduced and had reached the conclusion that the plaintiff had not proven all the facts alleged in his complaint essential and necessary to constitute the cause of action set up therein. The evidence was recited in a properly prepared and certified statement of the case.

In the first place let us see whether the Act of 1906 relative to judgment liens (Acts of Porto Rico of 1906, p. 93) is applicable to the case at bar. The plaintiff alleges that the judgment of August 19, 1909, was recorded in the judgment book of the Registry of Property of Mayagüez and indexed on January 17, 1910. It was from that time, in accordance with section 6 of the said act, that the recorded and indexed judgment operated as a lien upon all the real property of the defendant in the district not exempt from execution and particularly upon such as he might acquire thereafter in said district, the said lien having the scope and preference stated in paragraph 4 of section 1824 of the Civil Code. See the decision of this court in the case of *Hernández* v. *Medina et al.,* 19 P. R. R., 84, where the origin and effects of the Act relating to judgment liens of 1906 were considered at some length.

The sale by Medina to Rosado, whose rescission is prayed for by the plaintiff in this action, was effected by a public deed executed on January 12, 1910, or before the recording of the judgment of August 19, 1909, which was done on January 17, 1910. This being so, it is manifest that the act relating to judgment liens, to which we have referred, is not applicable to this case.

The fact that the judgment of August 19, 1909, was already recorded and indexed when Rosado recorded the dominion title judgment which he obtained in the dominion title proceedings prosecuted for that purpose, does not change

the nature of the case because the actual date on which Rosado acquired the ownership of the real property in litigation in this action was not the date of the recording of the dominion title judgment in the registry, but the date of the deed of bargain and sale executed on January 12, 1910. If on the last date he acquired the ownership free from the lien of the judgment of August 19, 1909, he was entitled to record the same in the registry of property free from that lien, as he did. *La Sociedad Española de Auxilio Mutuo, etc.,* v. *Rossy,* 17 P. R. R., 77.

Nor can Hernández Mena claim the character of a third person as regards the sale made by Medina to Rosado in a public deed of January 12, 1910, in order to come within the provisions of article 25 of the Mortgage Law, for on the said date he did not hold any lien on the property of Medina under the act relating to judgment liens of 1906. The said deed was effective against Hernández Mena from the date of its execution.

Section 1264 of the Revised Civil Code, subdivision 2, reads as follows:

"Section 1264.—*   *   *.

"Alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, or a writ of seizure (attachment) of property has been issued, shall also be presumed fraudulent."

In order that a case may come within the provisions of the above section, the following circumstances must exist:

(*a*) That a condemnatory judgment be rendered against a person, or a writ of attachment issue against his property;

(*b*) That the said person sell his property to another person who is cognizant of the judgment or of the attachment;

(*c*) That a creditor is prejudiced by the alienation and has no other legal remedy to obtain reparation for the injury.

The circumstances stated under letters *a* and *c* are clearly deducible from section 1264 of the Civil Code, the pertinent

part of which we have transcribed above, and section 1261 of the same code reads as follows:

"Section 1261.—The action for rescission is a subsidiary one; it may be enforced only when the person injured has no other legal remedy to obtain reparation for the injury."

The circumstance stated under letter *b* is inferred from a reasonable construction of said section 1264 and from the action of the Legislature in enacting the Act relating to judgment liens in 1906.

Scaevola, in commenting on article 1297 of the Spanish Civil Code, similar to our section 1264, expresses himself as follows:

"Finally, while the code does not so state, there is no doubt that for fraud to exist in this case the alienor must necessarily be cognizant of the attachment or condemnatory judgment to which his property had become subject. Proof of lack of this knowledge will be sufficient cause to defeat the legal presumption at the trial." Scaevola, vol. 20, Civil Code, 941.

And if, according to Commentator Scaevola, a knowledge of the attachment or of the condemnatory judgment is necessary on the part of the alienor, the same reason exists for the necessity of such knowledge on the part of the alienee.

Let us now see whether the circumstances required by law and which were duly alleged in the complaint were fully shown at the trial.

The first was clearly established. When Medina González sold to Rosado on January 12, 1910, the parcel of land in question the judgment of August 19, 1909, had already been rendered against the vendor and in favor of the plaintiff in this action, Hernández Mena, which judgment had not been wholly satisfied on January 12, 1910.

The second was not sufficiently established, in the opinion of the trial court. The plaintiff alleged that when the defendant, Rosado, made the purchase he knew that Hernández Mena had obtained a judgment against the vendor which

had not been satisfied and that the sale by Medina was made to Rosado with the deliberate intention of injuring him. During the trial the only evidence introduced by the plaintiff in support of his allegation was his own sworn testimony, in which he testified as follows:

"In November or December, 1909, I do not remember exactly which, I was informed that Medina and Arturo Rosado were negotiating for the sale of certain land. As Medina owed me money I went to the registry to see whether he had any property recorded, but found none; then one day during the said month I met Arturo Rosado in a carriage in Candelaria Street. I hailed him and he stopped. I told him that I had been informed that he was negotiating for the purchase of a property belonging to Julio Medina. He answered that it was not true and I thereupon said, 'I ask you because Julio Medina is owing me money arising from an action in the district court.' He rejoined that he knew nothing of that and we parted."

The defendant, Rosado, also testified under oath at the trial and denied the truth of the plaintiff's statement. Therefore the evidence was contradictory and the conflict was decided by the district court, as is shown by the judgment, in favor of the defendant. And as the plaintiff-appellant has not shown us that the court was influenced by passion, prejudice or partiality in so deciding, or that it committed any manifest error, we accept the finding of the lower court as just and proper.

Having reached the foregoing conclusion, it is not necessary to consider whether the third circumstance necessary to constitute the cause of action set up in the complaint exists in this case. As one of the circumstances is lacking, the action cannot prosper and therefore was properly dismissed.

For the foregoing reasons the appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.